C. D. M. GREER v. CHARLES G. STROHMEYER, as Tax Collector, Sarasota County, and W. S. HARRIS, *et al.,* as County Commissioners of Sarasota County, and FRANK A. LOGAN Co.

159 So. 361.
Division B.
Opinion Filed February 9, 1935.
Rehearing Denied March 2, 1935.

*John F. Burket* and *Francis C. Dart,* for Appellant;

*Henry L. Williford* and *James E. Kirk,* for Appellee, Frank A. Logan Company.

BUFORD, J.—The appeal is from an order dismissing a bill of complaint, the purpose of which was to enjoin the levy and collection of a tax of two and one-half (2½) mills on all the taxable property in Sarasota County ordered levied by the Board of County Commissioners of that County by resolution dated September 11th, 1933.

The bill of complaint shows that Frank A. Logan Company on July 17th, 1933, made demand on the Board of County Commissioners that a levy of 2½ mills be made on all taxable property of the county to produce a fund sufficient to pay off and discharge certain obligations of the county described as follows:

"Coupons Nos. 13 and 14 due 11/1/32 and 5/1/33 respectively, from Highway & Bridge Bonds numbered B994 through B1033 dated 5/1/26 due 5/1/33; B1158 through B1177 dated 5/1/26 due 5/1/55; B1256 through B1295 dated 5/1/26 due 5/1/56; aggregating 100 bonds with two past due coupons each at 30 ........................................................................ $6,000.00

Coupons Nos. 15 and 16 due 11/1/33 and 5/1/34 respectively from bonds set out above  6,000.00

Highway & Bridge Bonds B-14 issue 5/1/25 due 5/1/31 ......................................................  1,000.00

| | |
|---|---:|
| Accrued interest from maturity | 150.00 |
| Highway & Bridge bonds B-15 issue 5/1/26 due 5/1/31 ........................................ | 1,000.00 |
| Accrued interest from maturity | 150.00 |
| Highway & Bridge bond B-41 issue 5/1/26 due 5/1/32 ........................................ | 1,000.00 |
| Accrued interest from maturity | 90.00 |
| Coupons 15 and 16 due 8/1/32 & 2/1/33 from Bridge Bond No. 164 ................................ | 55.00 |
| Coupons 15 & 16 due 8/1/32 & 2/1/33 from Bridge bond No. 165 ................................ | 55.00 |
| Coupons 15 & 16 due 8/1/32 & 2/1/33 from Bridge bond No. 166 ................................ | 55.00 |
| Coupons 14 & 15 due 8/1/32 & 2/1/33 from Court House bond No. 441 ......................... | 55.00 |
| Coupons 14 & 15 due 8/1/32 & 2/1/33 from Court House bond No. 442 ......................... | 55.00 |
| Coupon 14 due 8/1/32 Court House No. 443 | 27.50 |
| Coupon 14 due 8/1/32 Court House No. 444 | 27.50 |
| Coupon 14 due 8/1/32 Court House No. 445 | 27.50 |
| Coupons 14 & 15 due 8/1/32 & 2/1/33 from Court House No. 39 ................................ | 55.00 |
| Coupons 15 & 16 due 8/1/32 & 2/1/33 from Highway Bond A-236 ............................... | 55.00 |
| Coupons 15 & 16 due 8/1/32 & 2/1/33 from Highway Bond A-237 ............................... | 55.00 |
| Coupons 15 & 16 due 8/1/32 & 2/1/33 from Highway Bond A-238 ............................... | 55.00 |
| Total ........................................ | $15,967.50" |

The demand made by Frank A. Logan Company shows that they were acting in behalf of undisclosed principals

and, while much is made of this in the argument, we think that it is of no consequence.

Pursuant to this demand the bill shows that the County Commissioners in preparing the budget included a levy of 2½ mills which was designated "F. A. Logan Company Special Bond Levy." The resolution also shows that there was included in the budget a levy of 4 mills for Court House bonds, interest and sinking fund, and a 22 mills levy for general County Highway bonds, interest and sinking fund.

There is no allegation in the bill of complaint which shows what the outstanding indebtedness on account of Court House bonds, interest and sinking fund amounts to. Neither is there any allegation in the bill of complaint showing what the indebtedness on account of general County Highway bonds, interest and sinking fund amounts to.

It is well settled that unless the levy authorized is sufficient to meet the accrued and accruing obligations of that character, the holder of bonds and interest coupons is entitled to have a levy made for the benefit of, and the tax to be applied to, the payment of his matured and maturing bonds and interest coupons. And so it is, the contrary not appearing, the County Commissioners will be assumed to have done that which the law would have compelled them to do by including in the budget a sufficient levy to be earmarked for the payment of the particular bonds and coupons as to which demand for such levy has been made 'and as the allegations of the bill of complaint were not sufficient to show that the County Commissioners had acted otherwise than they might have been compelled to act by proper legal proceedings, the bill was without equity and should have been dismissed.

Much has been said about the rights of intervenors who were allowed to intervene in this case and the court having

acted on motions interposed by such intervenors, but all of that becomes immaterial because, as above stated, the bill of complaint was without equity and should have been dismissed. The reason which the Circuit Judge may have given for dismissing the bill is of no consequence. The bill showed upon its face that a demand had been made for the levy of a certain millage to meet certain outstanding obligations, that the County Commissioners had definitely and affirmatively determined that such levy was necessary to meet these obligations; that the County Commissioners had included that levy in the budget and authorized it as a part of the levy of the current year's taxes, and the bill fails to show, except by mere conclusions of the pleader, that that action on the part of the Board of County Commissioners was not entirely legal and within the purview of its power and authority.

So the order appealed from should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.